I must respectfully dissent from the majority opinion concluding that plaintiff's injuries from the assault of arose from his employment.
The N.C. Supreme Court has expressly rejected the "positional risk" doctrine by stating that "the causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant." Bartlett v.Duke University, 284 N.C. 230, 233, 200 S.E.2d 193 (1973). Seealso Culpepper v. Fairfield Sapphire Valley, 93 N.C. App. 242,377 S.E.2d 777 (1989).
In this case there was no evidence that the assault occurred because of any business activity attributable to plaintiff's employment. There is nothing about the peculiar nature of plaintiff's employment as an electrician that increased his risk of being assaulted at the Flagship Inn. Plaintiff was at no greater risk of sustaining injuries from an assault at the Flagship Inn by virtue of his employment versus any other patron on the evening of the assault.
Based on the foregoing reasons, I respectfully dissent.
This the 27th day of August 2004.
 S/____________________ DIANNE C. SELLERS COMMISSIONER